## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| POWERGAIN, LLC and | ) | |
| SUPERIOR PRECISION, INC., | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
|    v. | ) | CAUSE NO. 1:10-cv-113 |
| | ) | |
| MAGNETIC APPLICATIONS, INC., | ) | |
| MAGAPP, LLC and HAROLD SCOTT, | ) | |
| | ) | |
|    Defendants. | ) | |

## OPINION AND ORDER

This case was removed to this Court from the Whitley Circuit Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 4.)  The Notice of Removal alleges that Defendant Harold Scott is a resident of Colorado, Defendant MagApp LLC is a Wyoming limited liability company with its principal place of business in Colorado, and that Plaintiff Powergain, LLC is an Indiana limited liability company with its principal place of business in Indiana. (Notice of Removal ¶¶ 3, 4.)  Defendants' jurisdictional allegations, however, are inadequate.

To begin, the "residency" of a party is meaningless for purposes of diversity jurisdiction.[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir.

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).  Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057  n.1 (S.D. Ill. 2006).

2001).  "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Accordingly, the Defendants must amend their Notice of Removal to adequately establish the citizenship of Harold Scott.

Furthermore, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Therefore, the Court must be advised of the citizenship of *each member* of MagApp, LLC and Powergain, LLC to ensure that none of its members share a common citizenship. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).  Moreover, citizenship must be "traced through multiple levels" for those members of MagApp, LLC and Powergain, LLC who are themselves a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, the Defendants are ORDERED to file an amended Notice of Removal forthwith, properly alleging on personal knowledge the citizenship of Harold Scott and of each member of Powergain, LLC and MagApp, LLC, tracing, if necessary, the citizenship of unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for April 19, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

2